**UNITED  STATES  DISTRICT  COURT**
**SOUTHERN  DISTRICT  OF  OHIO**
**WESTERN  DIVISION**

JOSHUA EVANS,                                                    Civil Action No. 1:26-cv-29

      Plaintiff,                                                       Cole, J.
                                                                 Bowman, M.J
   vs.

EQUIFAX INFORMATION SERVICES, LLC.,

      Defendant.

### REPORT AND RECOMMENDATION

On February 19, 2026, the Defendant filed its Answer to Plaintiff's Complaint (doc. 5). The Court subsequently directed the parties to meet and confer to prepare and file their Rule 26(f) Joint Discovery Plan no later than March 23, 2026 (doc. 6). The parties failed to comply with this deadline. The undersigned then issued a Notation Order on March 26, 2026, ordering the parties to advise the Court, in writing, no later than April 1, 2026, of the status of the proceedings in this matter. In lieu of filing a status report, the parties could file their overdue Rule 26(f) Report. The parties did not file their Rule 26(f) Report nor otherwise comply with the Court's directives. As a result, the undesigned issued an Order to Show Cause why the Complaint should not be dismissed for want of prosecution and failure to abide by an Order of the Court. (Doc. 7).

To date, no Rule 26(f) report has been filed and Plaintiff has not responded to the pending Show Cause Order.  Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b).  *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991).  District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so

as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and this matter be **CLOSED.**

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED  STATES  DISTRICT  COURT**
**SOUTHERN  DISTRICT  OF  OHIO**
**WESTERN  DIVISION**

JOSHUA EVANS,                                                    Civil Action No. 1:26-cv-29

     Plaintiff,                                                    Cole, J.
                                                                Bowman, M.J
  vs.

EQUIFAX INFORMATION SERVICES, LLC.,

     Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).