**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**JOSHUA EVANS,**

**Plaintiff,**

**v.**

**EQUIFAX INFORMATION SERVICES LLC,**

**Defendant.**

**Case No. 1:26-cv-29**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

**ORDER**

In her Report and Recommendation (R&R, Doc. 8), Magistrate Judge Bowman recommends the Court dismiss this matter for failure to prosecute. For the reasons briefly discussed below, especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R, **DISMISSING** the Complaint (Doc. 3).

Plaintiff Joshua Evans sued in Hamilton County Municipal Court on December 8, 2025. (*See* Doc. 3). He alleges that Defendant Equifax Information Services LLC violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. His claim is straightforward. Evans says that on September 5, 2025, he requested his consumer file disclosure from Equifax through AnnualCreditReport.com. (Doc. 3, #28). Equifax furnished that report the same day, but in doing so, reported several account numbers in truncated form. (*Id.* at #29–31). Evans says that failed to disclose "all information" as the FCRA requires. (*Id.* at #35).

Equifax removed the case to this Court on January 12, 2026, (Doc. 1), then answered a month later, (Doc. 5). The Court then set a preliminary pretrial

conference and further requested the parties to submit a Rule 26(f) report. (Doc. 6). But the parties never did. So, on March 26, 2026, Magistrate Judge Bowman ordered the parties to advise the Court on the status of the proceedings, or in the alternative, to file the overdue report. (03/26/26 Not. Order). Again, the parties failed to act, which prompted Magistrate Judge Bowman to issue a show cause order. (Doc. 7). There, she ordered Evans to demonstrate why the complaint should not be dismissed for want of prosecution and warned him that another failure to respond would result in an R&R recommending dismissal. (*Id.*). Evans has yet to file anything on the docket, so the Magistrate Judge made good on her promise and issued an R&R recommending dismissal under Federal Rule of Criminal Procedure 41(b). (Doc. 8, #50–51 (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991))).

The R&R also advised Evans that failing to object within 14 days could result in a forfeiture of his rights on appeal. (*Id.* at #52 (first citing *Thomas v. Arn*, 474 U.S. 140 (1985); and then *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981))); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that, when ruling upon a magistrate's recommendation, a "judge of the court shall make a de novo determination" only as to "those portions of the report or specified proposed findings or recommendations to which objection is made"). But, even absent a timely objection, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that

charge, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) advisory committee's note.

District courts may sua sponte dismiss civil actions for want of prosecution as part of their inherent power to manage their docket. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). Evans has failed to move his case forward in any way. So while "this court prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan*, 951 F.2d at 110 (6th Cir. 1991) (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980)). Evans has exhibited just such a "clear pattern" by failing to respond to multiple court orders.

Accordingly, the Court **ADOPTS** the R&R (Doc. 8) in full and **DISMISSES** Evan's complaint **WITHOUT PREJUDICE** for failure to prosecute, under Fed. R. Civ. P. 41(b). The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

September 2, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**